# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHELLY THOMSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| CHARLES EDWARD LINCOLN, and | § | SA-09-CV-0275 OG |
| PEYTON YATES FREIMAN, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** Honorable Orlando Garcia
     United States District Judge

The matter before the court is the application for in forma pauperis status filed by defendant, Peyton Freiman. Freiman, who is one of two defendants in a suit filed in the 274th District Court for Comal County (Civil Action No. C2008-119C, styled <u>Shelley Thomson v. Charles Edward Lincoln and Peyton Yates Freiman</u>), submitted a Notice of Removal on April 7, 2009, accompanied by his application for IFP. Freiman's IFP application states that he is unable to pay the costs of these proceedings. However, his application lists assets consisting of a house and two lots, of a total value of $200,000. These assets do not justify an order granting Freiman pauper status.

Ordinarily, after denial of an application to proceed IFP the Court would allow a brief period of time for the applicant to pay the necessary filing fees. However, in this case because the Court cannot assume removal jurisdiction even were Freiman to pay the $350.00 removal fee, I recommend that this case be remanded immediately to the 274th District Court. Freiman is one of two defendants

1

to the state court action. While Freiman states that co-defendant Charles Lincoln agrees with the removal, Lincoln did not sign the removal notice nor file a separate notice of consent to the removal. Without Lincoln formally joining in the removal, the Court does not have removal jurisdiction.[1]

Even were he to file a formal notice of consent, Lincoln may not remove this or any other state court action until he has paid the sanctions ordered by Chief Judge Walter Smith in W-08-CA-10. In an Order in that case dated March 25, 2008, Chief Judge Smith directed that any lawsuit filed or removed by Lincoln be dismissed and Lincoln prohibited from filing or removing any state case to federal court until the sanctions assessed are paid in full. Sanctions have not been paid. Because Lincoln's joinder in the removal is a prerequisite to this Court's removal jurisdiction, allowing Freiman time to pay the $350.00 removal fee would serve no purpose since Lincoln has not and cannot join in the removal.[2]

For the above reasons, it is recommended that the application for in forma pauperis be DENIED and that this case be REMANDED to state court.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written

---

[1] **Doe v. Kerwood**, 969 f.2d 165, 167 (5th Cir. 1992).

[2] **See also** SA-08-CA-105-FB, an attempted removal of this same state court case, No. C20-08-0119C, 274th District Court, Comal County. That case was remanded on March 31, 2009 pursuant to Chief Judge Smith's March 25, 2009 Order. One week later, Freiman filed the Notice of Removal of the very same case.

objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.³ **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.⁴ Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.⁵

**SIGNED** on April 15, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

³28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

⁴*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

⁵*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).